IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **KEVIN L. EDLER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 3:26-CV-132-MAB** |
| | ) | |
| **KIENSTRA-ILLINOIS, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

### MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

Presently before the Court is Defendant Kienstra-Illinois, LLC's Motion to Dismiss (Doc. 11). For the reasons set forth below, Defendant's Motion to Dismiss is DENIED (*Id.*) and the stay on discovery is LIFTED (*see* Doc. 25).

### BACKGROUND

On December 18, 2025, Plaintiff Kevin Edler filed this small claims action in the Circuit Court of Madison County, Illinois (*see* Doc. 1-1). Plaintiff's *pro se* Complaint alleges that Defendant Kienstra-Illinois, LLC failed to pay him $30.00 per day in pension payments beginning in March 2020, such that Defendant owes him $6,510.00 (*Id.*).

Defendant removed this action to federal court on February 5, 2026, because this action involves the interpretation of a labor contract and/or collective bargaining agreement, thereby implicating 29 U.S.C. § 185(a) (*see* Doc. 1 at p. 2).[1] Six days later,

---

[1] The Court discusses the removal of this action and the applicability of section 301 of the Labor Management Relations Act at greater length in the analysis section.

Defendant filed the instant motion to dismiss and supporting memorandum (Docs. 11, 12). Plaintiff, however, did not file a response in opposition to the motion dismiss.[2]

LEGAL STANDARD FOR MOTION TO DISMISS

A motion to dismiss under Rule 12(b)(6) addresses the legal sufficiency of the plaintiff's claim for relief, not the merits of the case or whether the plaintiff will ultimately prevail. *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In reviewing a motion to dismiss, the Court accepts all well-pleaded facts as true and draws all reasonable inferences in the plaintiff's favor. *E.g., Dix v. Edelman Fin. Servs., LLC*, 978 F.3d 507, 512-13 (7th Cir. 2020). However, "legal conclusions and conclusory allegations . . . are not entitled to this presumption of truth." *Dix*, 978 F.3d at 513 (quoting *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011)). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombley*, 550 U.S, 555, 557 (2007)). "[W]hile a complaint does not need 'detailed factual allegations' to survive a 12(b)(6) motion to dismiss, it must allege sufficient facts 'to state a claim to relief that is plausible on its face.'" *Dix*, 978 F.3d at 512-13 (quoting *League of Women Voters of Chicago v. City of Chicago*, 757 F.3d 722, 724 (7th Cir. 2014)).

Additionally, while "a plaintiff is not required to anticipate and refute defenses in his complaint," a plaintiff's complaint may be properly dismissed by the Court if "the allegations of the complaint show that relief is barred by the applicable statute of

---

[2] The failure to respond to a motion to dismiss pursuant to 12(b)(6) is not necessarily fatal because a motion to dismiss purely tests the sufficiency of the allegations in the operative complaint.

limitations." *Limestone Dev. Corp. v. Vill. of Lemont, Ill.*, 520 F.3d 797, 802 (7th Cir. 2008) (internal quotation marks and citations omitted). In other words, "[o]nly when the plaintiff pleads itself out of court—that is, admits all the ingredients of an impenetrable defense—may a complaint that otherwise states a claim be dismissed under Rule 12(b)(6)." *Xechem, Inc. v. Bristol-Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004).

## DISCUSSION

Defendant argues that this action should be dismissed because (1) Plaintiff failed to exhaust his remedies as required by the Collective Bargaining Agreement ("CBA") underlying his claim; and (2) Plaintiff's claim is untimely (*see generally* Doc. 12). Pertinently, as Defendant notes, both of its arguments rely upon a determination that Plaintiff's claim is preempted by § 301 of the Labor Management Relations Act (the "LMRA") (*Id.* at pp. 3-4) (citing 29 U.S.C. § 185(a)). The Court's analysis therefore begins with a discussion of Plaintiff's state court filing, the permissibility of this action's removal to federal court, and whether Defendant may rely upon the CBA at this stage of proceedings.

Plaintiff's *pro se* small claims Complaint was filed in the Circuit Court of Madison County and seeks $6,510.00 in past due pension payments. Pertinently, that Complaint indicates that Plaintiff has "no written agreement" with Defendant (Doc. 1-1 at p. 3). However, Plaintiff's Complaint also alleges that he is a member of Local 525 Teamsters Union and worked for Defendant for over 10 years and received $30.00 per day in pension payments (*Id.* at p. 4). The Complaint contends that Defendant refused to continue paying him pension payments in March 2020 for reasons that were unclear and circular (*Id.*). No

further allegations were raised by Plaintiff and Defendant admits that Plaintiff's Complaint did not attach or directly mention the Collective Bargaining Agreement (*see* Doc. 12 at p. 4).

Thus, the first question is whether Plaintiff's claims are "directly founded on or substantially dependent on analysis of a collective-bargaining agreement." *Atchley v. Heritage Cable Vision Associates*, 101 F.3d 495, 498 (7th Cir. 1996) (internal quotation marks and citations omitted). This question has substantial implications in regard to both this action's removal to federal court and Defendant's substantive arguments. Pertinently, if Plaintiff's claim relies upon the CBA, then preemption under § 301 was appropriate and the Court can consider the CBA when considering Defendant's substantive arguments related to exhaustion and timeliness. Conversely, if Plaintiff's claim is not preempted by § 301 because it does not depend upon the meaning or interpretation of the collective bargaining agreement, then his claim is not appropriately before this Court based on principles of preemption, and it is equally inappropriate for the Court to consider the CBA when ruling upon Defendant's motion. *See Loewen Group Intern., Inc. v. Haberichter*, 65 F.3d 1417, 1421 (7th Cir. 1995) ("In order to determine whether a party's state law claims are preempted under this section, we look to see whether the resolution of the claim depends on the meaning of, or requires the interpretation of, a collective bargaining agreement."); *Anderson v. JCG Industries, Inc.*, No. 09 C 1733, 2009 WL 3713130, at *3 (N.D. Ill. Nov. 4, 2009) ("Not all state claims are preempted. Instead, preemption is determined on a case by case basis."); *Thigpen v. Illinois Bell Tel. Co.*, No. 10 C 5589, 2010 WL 5373827,

at *3 (N.D. Ill. Dec. 21, 2010) ("The Court must look to the facts alleged and make a determination as to whether the CBA is merely referenced or requires interpretation.").

Ultimately, the Court finds that Plaintiff's claim against Defendant is founded in the CBA. For one, Plaintiff's Complaint references his membership in Teamsters Local 525 (Doc. 1-1 at p. 4). And more importantly, Plaintiff's Complaint alleges that "I paid union dues, but did not receive pension payments of $30.00 per day every day worked." (*Id.*). Furthermore, while the Court is hesitant to heavily rely upon the CBA in light of the absence of any reference to it in the pleadings or subsequent notice to the *pro se* Plaintiff,[3] the Court notes that Plaintiff's claim to pension dues of $30.00 is identical to the amount specified in the CBA that an employer is required to contribute to an employee's retirement plan for each day worked or compensated (Doc. 13 at p. 18). Thus, in light of the facts alleged by Plaintiff's Complaint, the Court concludes that Plaintiff's claim is founded in the CBA and covered by § 301. *See Atchley v. Heritage Cable Vision Associates*, 101 F.3d 495, 499 (7th Cir. 1996) ("In sum, if it is necessary to interpret express or implied

---

[3] Typically, when considering documents attached to a motion to dismiss that were not directly referenced in or attached to the pleadings, the Court first converts that motion to dismiss to a motion for summary judgment. *See* FED. R. CIV. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.").

Furthermore, in the Southern District of Illinois, Local Rule 56.1(j) specifies that "Motions for summary judgment served on *pro se* parties must be accompanied by a certification that notice of the consequences for failing to respond to a motion for summary judgment has been served on the *pro se* party as required by *Timms v. Frank*, 953 F.2d 281 (7th Cir. 1992); *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982)." Here, the Court has concerns about considering a document that was neither directly referenced nor attached to the pleadings, without providing notice to the *pro se* Plaintiff of the implications of failing to respond. However, while the Court expresses those reservations regarding the CBA, the Court does not believe that the lack of notice to Plaintiff is prejudicial in this case (if required at all) because of the Court's conclusions found below.

terms of a CBA, a state law claim is completely preempted by § 301, the claim is deemed federal in nature from its inception, and the complaint is deemed one that a defendant can remove.").

Given this conclusion, the Court next considers whether either of Defendant's substantive arguments merit the dismissal of Plaintiff's Complaint. Specifically, Defendant contends that Plaintiff has failed to state a claim because (1) he did not properly exhaust the mandatory grievance or arbitration procedure; and (2) his claim is untimely (*see* Doc. 12 at pp. 4-6). The Court does not find either argument to be persuasive at this stage of the proceedings.

Defendant first argues that the CBA required Plaintiff to exhaust the grievance procedure and/or pursue arbitration before filing suit (Doc. 12 at pp. 4-5). The Court agrees that the CBA includes provisions for filing grievances and pursuing arbitration (*see* Doc. 13 at pp. 9-10). However, even assuming both of those processes needed to occur before filing suit, Defendant's argument relies on the assumption that Plaintiff was required to affirmatively plead his efforts to exhaust those processes. However, Defendant failed to cite any such caselaw to support that contention (*see generally* Doc. 12 at pp. 4-5). True, some cases have granted motions to dismiss because the plaintiff did not exhaust a grievance or arbitration procedures as prescribed by the CBA prior to filing suit. *See, e.g., Chicago Regl. Council of Carpenters, United Broth. of Carpenters and Joiners of Am. v. Joyce Installation Co., L.L.C.*, No. 10 C 5314, 2011 WL 635864, at *2 (N.D. Ill. Feb. 10, 2011); *Duerr v. Minnesota Min. and Mfg. Co.*, 101 F. Supp. 2d 1057, 1063 (N.D. Ill. 2000) ("In the instant case, Plaintiff Duerr never filed any grievance in connection to Defendant's

refusal to pay Plaintiff under the Settlement Agreement even though the CBA gave him the right to do so."). Here, however, Defendant's argument goes one step further by contending that this action should be dismissed because the Complaint has not pleaded that he attempted to grieve or arbitrate this claim prior to filing suit.

"Affirmative defenses normally need not be anticipated or negated in a complaint, and a motion to dismiss is normally only granted where a plaintiff pleads facts to show that her claim is barred by the affirmative defense." *Thompson v. Fairmont Chicago Hotel*, 525 F. Supp. 2d 984, 992 (N.D. Ill. 2007). For that reason, the *Thompson* Court denied the defendant's motion to dismiss because the defendant "has not argued that on the face of her complaint Thompson has pled facts showing she has not exhausted her administrative remedies, only that she has not affirmatively pled that she did so." The same is true here (*see* Doc. 1-1 at p. 4). Even assuming the CBA's grievance provisions are mandatory in Plaintiff's circumstances, nothing in Plaintiff's Complaint affirmatively pleads itself out of Court by indicating he did not exhaust those requirements.[4] Moreover, when viewing the facts in the light most favorable to Plaintiff, his Complaint

---

[4] Additionally, to the extent Defendant contends that Plaintiff was required to affirmatively plead facts demonstrating that he attempted to grieve and/or arbitrate this matter, Defendant should have provided clear caselaw supporting that proposition which otherwise runs contrary to general pleading rules. *See, e.g.*, *Murphy v. United Parcel Serv., Inc.*, 528 F. Supp. 3d 983, 991 (E.D. Wis. 2021) ("**First**, assuming—as the defendant does—that the plaintiff is subject to a requirement that he exhaust contractual remedies before coming to federal court, the defendant relied on the wrong provision of Rule 12 for raising its failure-to-exhaust argument. A failure to exhaust is normally considered to be an affirmative defense ....") (internal quotation marks and citation omitted); *Thompson v. Fairmont Chicago Hotel*, 525 F. Supp. 2d 984, 991 (N.D. Ill. 2007) (holding that the failure to exhaust remedies under a CBA is an affirmative defense that did not need to be anticipated or negated in a complaint); *Burton v. Ghosh*, 961 F.3d 960, 964-65 (7th Cir. 2020) ("The proper way to seek a dismissal based on an affirmative defense under most circumstances is not to move to dismiss under Rule 12(b)(6) for failure to state a claim. Rather, the defendant should answer and then move under Rule 12(c) for judgment on the pleadings.").

may actually refer to attempts to resolve this matter through other processes before filing suit because Plaintiff alleges that he talked with someone at Kienstra-Illinois in an attempt to resolve the situation. Thus, the Court concludes that Plaintiff's Complaint does not affirmatively plead itself out of Court by facially revealing that he did not attempt to grieve or arbitrate this dispute.

Defendant's argument that Plaintiff's Complaint is time barred makes a similarly erroneous leap. Specifically, Defendant contends that Plaintiff's claim is time-barred because "the applicable statute of limitations for a Section 301 action is six months from the date the claim arose." (Doc. 12 at p. 5) (citing *DelCostello v. Int'l Bhd. Of Teamsters*, 462 U.S. 151, 169-70 (1983)).[5] Consequently, relying on that provision, Defendant contends that "[a]lthough the Complaint does not expressly state the Plaintiff's last date of employment at Kienstra, this can be gleaned from Plaintiff's claim that he is owed $6,510.00." (Doc. 12 at p. 5). Defendant then does some math in an attempt to establish that Plaintiff is alleging he is owed money for a 217-day period that must have been at or around the time Plaintiff's employment ended. But, similar to the Court's above analysis related to grievances, nothing in Plaintiff's Complaint facially establishes that he is seeking past due pension payments solely for a time on or around 2020. Consequently, the Court will not make such an assumption based exclusively on Defendant's own calculations contained in its motion to dismiss. Instead, this argument, as well as

---

[5] The Court does not make any determination as to the applicable statute of limitations at this time.

Defendant's grievances/arbitration argument, are more appropriately raised at summary judgment.

For all of these reasons, Defendant's Motion to Dismiss (Doc. 11) is **DENIED**. Accordingly, the stay on discovery is **LIFTED** and the overall discovery deadline of October 21, 2026, is **REINSTATED** (*see* Doc. 25; *see also* Doc. 22). To the extent the parties believe they need additional time to conduct discovery in light of the previous stay, they may move to amend the Scheduling Order as needed. Defendant is also ordered to file its Answer to the Complaint on or before July 27, 2026.

<u>CONCLUSION</u>

For the reasons discussed above, Defendant Kienstra-Illinois, LLC's Motion to Dismiss is **DENIED** (Doc. 11). Defendant shall file its Answer to the Complaint on or before July 27, 2026. Accordingly, the stay on discovery is LIFTED and the overall discovery deadline of October 21, 2026, is reinstated (Doc. 22).

**IT IS SO ORDERED.**

**DATED: July 13, 2026**

_____
**MARK A. BEATTY**
**United States Magistrate Judge**